IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATALIE ROBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:16cv1007 |
| VS. | § | |
| | § | Jury Trial Demanded |
| TGS-NOPEC GEOPHYSICAL CO., | § | |
| | § | |
| Defendant, | § | |

## COMPLAINT

Plaintiff Natalie Robertson files this Complaint against Defendant TGS-Nopec Geophysical Co.

### Parties

1. Plaintiff Natalie Robertson is an individual residing in Harris County, Texas.

2. Defendant TGS-Nopec Geophysical Co. ("TGS") is a Delaware corporation with its principal place of business in Harris County, Texas. TGS may be served through its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Family and Medical Leave Act (FMLA).

4. Venue is proper because all of the events in question occurred in this District.

### Claim for Relief

5. Ms. Robertson worked as a customer support representative for TGS from October 2007 to September 2015. TGS terminated her on September 27, 2015.

1

6.	Ms. Robertson is an eligible employee for purposes of the Family and Medical Leave Act.  TGS is a covered employer for purposes of the FMLA.

7.	In May 2015, Ms. Robertson applied for intermittent FMLA leave due to a serious health condition of her daughter.  Ms. Robertson was approved for leave through October 8, 2015.  TGS delegated the administration of FMLA to The Hartford.

8.	Either TGS or The Hartford denied FMLA leave on seven occasions.  This was erroneous:

(a)	On three occasions on which Ms. Robertson took days off in June 2015, the leave was denied as "Not Reported in a Timely Manner."  The first date (June 5) was not FMLA leave at all, but instead was an approved vacation day.  At one point, Ms. Robertson erroneously listed this as an FMLA date, but she later correctly the error.  However, neither TGS nor The Hartford corrected their records.  TGS and The Hartford erroneously treated this as an unapproved absence.

(b)	The second date (June 16) was a day on which Ms. Robertson had to leave work due to an emergency involving her daughter.  In the case of unforeseen FMLA leave, the FMLA requires an employee to provide notice of the need for leave as soon as practicable.  29 C.F.R. § 825.303(a).  Ms. Robertson told her supervisor before she left work, and her supervisor told her to go ahead and leave.  No one asked for further information or told her that her absence was unauthorized at that time.  TGS and The Hartford erroneously treated this as an unapproved absence.

(c)	The third date (June 19) was a doctor visit for Ms. Robertson's daughter.  Ms. Robertson had told TGS and The Hartford about this visit in May, after the prior doctor visit.  Ms. Robertson had told her supervisor that she would be gone that

        day. No one asked Ms. Robertson for further information, and no one told Ms. Robertson that her absence was unauthorized at that time. TGS and The Hartford erroneously treated this as an unapproved absence.

    (d)    On four occasions on which Ms. Robertson took days off in July and August 2015, the leave was denied because "Paperwork Has Not Been Returned." In fact, Ms. Robertson had told The Hartford that the doctor was on vacation and thus could not provide the form, and she provided documentation when the doctor returned. While an employee is generally required to return a medical certification within 15 days, this does not apply "if it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. § 825.305(a). Ms. Robertson made diligent, good faith efforts to obtain the certification, and she provided the certification with a reasonable time. In fact, Ms. Robertson provided the certification to The Hartford by early September 2015, long before she was terminated.

    8.    On September 27, 2015, Ms. Robertson was summoned to HR and terminated. She was told that she was being terminated because leave had been denied for the seven days in question. The HR representative completed a disciplinary notice that made no reference to the FMLA and instead stated that "Natalie has failed to abide by TGS' policies and procedures that require timely reporting of any absences." In fact, the HR representative told Ms. Robertson that this was a benefit provided by TGS, when it fact it is a federally protected right governed by the FMLA and its accompanying regulations. TGS has never claimed that it terminated Ms. Robertson for any reason other than the leave that she took to care for her daughter.

    9.    All conditions precedent have occurred or been satisfied.

3

10. TGS violated the FMLA by interfering with Ms. Robertson's rights under the FMLA and then terminating her for taking leave that was protected under the FMLA. TGS is therefore liable to Ms. Robertson for back pay, loss of benefits, 100% liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, TGS should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Robertson and against TGS for back pay, loss of benefits, liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF